**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4948**

_____

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

TERRENCE DOUGLAS PENNINGTON,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Terrence W. Boyle,
District Judge.   (5:09-cr-00234-BO-1)

_____

Submitted:  April 19, 2012          Decided:  April 24, 2012

_____

Before NIEMEYER, SHEDD, and FLOYD, Circuit Judges.

_____

Dismissed in part, affirmed in part by unpublished per curiam
opinion.

_____

Peter M. Wood, LAW OFFICE OF PETER WOOD, Raleigh, North
Carolina, for Appellant.  Jennifer P. May-Parker, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrence Douglas Pennington pled guilty, pursuant to a plea agreement, to possession with intent to distribute marijuana and possession of a firearm in furtherance of drug trafficking. In accordance with Anders v. California, 386 U.S. 738 (1967), Pennington's attorney has filed a brief certifying that there are no meritorious issues for appeal but questioning whether Pennington entered into a knowing and voluntary plea agreement and guilty plea, whether it conclusively appears on the record that trial counsel was ineffective, and whether the sentencing court erred in attributing to Pennington marijuana and proceeds from 2006. Pennington has filed a pro se supplemental brief. The Government has moved to dismiss Pennington's appeal based on his appellate waiver. For the following reasons, we dismiss in part and affirm in part.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2006). United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). A valid waiver will preclude appeal of a given issue if the issue is within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Whether a defendant validly waived his right to appeal is a question of law that we review de novo. Id.

2

"The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal." Id. at 169. This determination, often made based on the sufficiency of the plea colloquy and whether the district court questioned the defendant about the appeal waiver, ultimately turns on an evaluation of the totality of the circumstances. Id. These circumstances include all of "the particular facts and circumstances surrounding [the] case, including the background, experience, and conduct of the accused." Id. (internal quotation marks omitted).

Here, a review of the record indicates that the district court fully complied with Fed. R. Crim. P. 11 when accepting Pennington's plea and specifically reviewed the terms of his plea agreement with him, including his appellate waiver. Given no indication in the record to the contrary, we find that Pennington's waiver of appellate rights is valid and enforceable. Accordingly, we grant the Government's motion to dismiss Pennington's appeal of any issues covered by the waiver. This includes all sentencing issues. We find, however, that Pennington's appellate waiver does not prevent our review of his ineffective assistance of counsel and prosecutorial misconduct claims. We therefore deny the Government's motion to dismiss Pennington's appeal as to these claims.

We affirm the judgment as to the ineffective assistance of counsel claims raised by Pennington and his counsel because ineffective assistance does not conclusively appear on the record. See Massaro v. United States, 538 U.S. 1690, 1693-94 (2003); United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999) (ineffective assistance claims are not cognizable on direct appeal unless the record conclusively establishes ineffective assistance). To the extent Pennington attempts to allege prosecutorial misconduct related to sentencing, his claim is non-specific and not supported by the record.

In accordance with Anders, we have reviewed the record in this case, mindful of the scope of the appellate waiver, and have found no meritorious issues for appeal. This court requires that counsel inform Pennington, in writing, of his right to petition the Supreme Court of the United States for further review. If Pennington requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pennington. We dispense with oral argument because the facts and legal contentions are adequately presented

in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART</u>;
<u>AFFIRMED IN PART</u>
